# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:17CV-P144-JHM

**KYLE EDWARD LEE MCCORMICK**                                                            **PLAINTIFF**

v.

**DEPUTY CODY PATTERSON** *et al.*                                                       **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Kyle Edward Lee McCormick initiated this *pro se* 42 U.S.C. § 1983 action. The Court entered Orders in this action on September 18 and 20, 2018. However, the mailings were returned by the United States Postal Service designating them as returned to sender and marked "Not Deliverable as Addressed, Unable to Forward" on October 22 and November 7, 2018.

Upon filing the instant action, Plaintiff assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to

manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Plaintiff apparently no longer resides at the address he provided to the Court, and he has not advised the Court of a current address. Therefore, neither notices from this Court nor filings by Defendant in this action can be served on Plaintiff. Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: November 30, 2018

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
      Hopkins County Attorney
4414.010